IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF BALTIMORE MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § vs. § § § FONSECA, ANGEL § DEFENDANT, § § | NOTICE OF MOTION CASE NUMBER KLMN-00-... FILED U.S. DISTRICT COURT DISTRICT OF MARYLAND MAR 06 2008 CLERK'S OFFICE AT BALTIMORE BY_____DEPUTY |

### PRELIMINARY STATEMENT

This Motion for Sentencing Adjustment is filed pursuant to 18 U.S.C. §3582(c)(2) and 28 U.S.C. §994(o).

Comes now The DEFENDANT-PETITIONER FONSECA, ANGEL and herby moves This Honorable Court to grant relief pursuant to 18 u.s.c. §3582(c)(2) and 28 U.S.C. §994(o) and reduce petitioner's sentence by two levels (points), to reflect the recent amedment(s) effcted on the 2D1.1(C) part of the United States Sentencing Guidelines.

Motion under 18 U.S.C. 3582(c)(2) may be resolved without the presence of the Defendant, pursuant to the FEDERAL RULES OF CRIMINAL PROCEDURES, RULE 43(b)(4) U.S. v. ARROUS, 320 F3D 355 (2nd Cir. 2003)(Rule 43(b)(4), FED.R. CRIM. PROC. , PROVIDES THAT A DEFENDANT"S presence is not required during a proceeding involving a redution or correction of sentence pursuant to Rule 35... or 18 U.S.C.A. §3582 (c)(2).

### JURISDICTIONAL STATEMENT

Jurisdiction is conferred upon this Honorable court and invoked pursuant to 18 U.S.C. §3582(c)(2) and 28 U.S.C.§994(o). The Petitioner submit the following memorandum of Law in support.

-1-

## STATEMENT OF THE CASE

On Dec 20, 2000 FONSECA, ANGEL was arrested with a charged him with conspiracy to distribute 50 grams or more of base of cocaine "CRACK", in violation of 21 U.S.C. 846.
ON February 16, 2002 The Defendant is sentence to 140 months with credit for time already served in connection with the instant offence, pursuant to 18 U.S.C. 3585(b), as computed by the Bureau of prisons., and 4 years of supervised Release.

## ARGUMENT

On November 1, 2007, The Sentencing commission took the much anticipated step of amending the U.S. Sentencing Guidelines and reducing by 2 points(levels) the "inequitable" sentencing range on cases involving cocaine base, also known as "CRACK". Thereafter, on December 11, 2007 The Sentencing commission voted unanimously to make this amendment retroactive. becoming effective MARCH 3, 2008.

THE commission's detailed report on "Cocaine Base" and the Federal Sentencing Policy supported its persistent position that the 100-to-1 disparity ratio between crack and powder cocaine was unjustified and undermined the objectives of the Sentencing Reform Act. The enacted amendment(s) responded to fairness and proportionality issues against the current sentencing practices.

AS the Commissioner concluded that the manner in which the drug quantity table in the U.S. Sentencing Guidelines was constructed, in order to incorporate the statutory mandatory minimum penalties for crack and cocaine offenses, is an area in which

the Federal Sentencing Guidelines contributes to the problems assoxiated with the 100-to-1 drug quantity disparity ratio. see recent commission's actions. page 9.

I light of the retroactive amendment(s) to the 2D1.1(C) part of the UNITED STATES SENTENCING GUIDELINES, DEFENDANT-PETITIONER ask this HONORABLE COURT to grant Defendant-Petitioner a two level reduction of his sentence as intended by the Sentencing commission. in U.S. v. LE, 256 F3d 1229 (11th Cir. 2001), as amended (Sept.6,2001) (in determining whether , and to what extent, a reduction in the term of imprisonment is warranted for a Defendant elegible for consideration under 18 U.S.C. §3582(c)(2), the Sentencing Court should consider the term of imprisonment that would have imposed had the Amendment(s) tothe Guidelines... been in effect at the time the defendant was sentenced; Except that in no event may the reduced term of imprisonment be less than the term of imprisonment the Defendant has already served.

§3582(c)(2) allows a court to reduce the term of imprisonment in the case of a Defendant who has been sentenced based on a Sentencing range that has subsequently been lowered by the Sentencing Commission. IF the Amendment(s) have lowered the Defendant's original sentencing range, the Defendant should benefit from the Amendment(s) enacted on the Sentencing Guidelines after the Defendant was sentenced. U.S V. LEVAY, 76 F.3d 671 (5th Cir. 1996)(18 U.S.C. §3582 (c)(2) authorizes a District Court to reduce a sentence when the Guideline range applicable to that Defendant has been lowered by retroactive Amendment(s) . U.S. V. LYKES, 73 F. 3d 140 (7th Cir. 1995)... "if such a reduction is consistent with applicable policy statements, issued by the Sentencing Commission.

THE COMMISSION is intructed in 28 U.S.C.§994(u) that, "if the Commission reduces the term of imprisonment recommended in the Guidelines, applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for that offense may be reduced". In the highlights of the 2007 Amendments on offenses involving cocaine Base, the Sentencing Commission set out requirements to qualify for the two level departure. Defendant-Petitioner meets these requirements in accordance whith policy statement issued by the Commission. Therefore, a two (2) level departure should be granted by this Honorable Court.

## CONCLUSION

For the aforementioned reasons, Defendant-Petitioner resrecfully request that this Honorable Court review Defendant-Petitioner's sentence in light of the retroactive Amendment(s) to the Guidelines, and depart two (2) levels to reflect these changes, and for the Defendant-Petitioner to be re-sentence to a level 27 of the United States Sentencing Guidelines.

Respectfully Submitted

*Angel Fonseca*

FONSECA, ANGEL
IN PRO-SE
B.S.C.C.
3711 WRIGHT AVE
BIG SPRING, TX 79720

FEBRUARY 04, 2008