**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 JUL -1  P 12: 48

CLERK'S OFFICE
AT GREENBELT

PARESH S. PATEL
STAFF ATTORNEY

BY_____DEPUTY

<u>Via Hand-Delivery</u>

June 30, 2008

**Crack Reduction –   Updated Status Report**
**Supplemental Motion for Reduction of Sentence Under**
**18 U.S.C. § 3582**

The Honorable William M. Nickerson
United States District Court
 for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re:   United States v. Angel Fonseca
      Case No: WMN-00-596

Dear Judge Nickerson:

Please accept and docket this letter as 1) an updated status report and 2) a supplemental motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the Federal Sentencing Guidelines (the "crack" amendment). Mr. Fonseca's projected release date is 03/22/11.

The United States Probation Office has reviewed Mr. Fonseca's case and believes that he is not eligible for a reduced sentence because his sentence was derived from the career offender guideline. However, Mr. Fonseca's final sentence was not derived from the career offender guideline range and, thus, was not based *exclusively* on that guideline. Rather, the Court arrived at Mr. Fonseca's sentence after significantly departing from the career offender guideline for substantial assistance.

Moreover, the Commission's conclusion that a finding of career offender precludes Mr. Fonseca from receiving a reduction in sentence is based on narrow reading of 18 U.S.C. 3582(c)(2) and goes against how Mr. Fonseca's sentence was calculated pursuant to U.S.S.G. § 1B1.1. A careful reading of 18 U.S.C. § 3582, particularly when read in light of <u>Booker v. United States</u> and <u>Kimbrough v. United States</u> does not preclude Mr. Fonseca from seeking a reduction in sentence. To be eligible to seek a reduced sentence under section 3582, a defendant need only have been "sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c) (emphasis



added). It does **not** require that the original sentence be based **solely** on a guideline that the Commission has subsequently lowered.

Here, Mr. Fonseca's sentence is "based" on the amended crack guidelines at U.S.S.G. § 2D1.1. This is because, in drug cases, application of the career offender guideline under § 4B1.1(b) very much depends on the "offense level otherwise applicable" under § 2D1.1. In other words, as reflected in the presentence report, the guidelines must be calculated under § 2D1.1 before a decision is made to apply the greater offense level from the career offender guideline. In this way, the sentence, even though it may be ultimately driven by the career offender guideline, is "based" on the drug guideline at § 2D1.1.

Because Mr. Fonseca's sentence is "based on" the crack guideline, subsequently lowered, this Court has jurisdiction to reduce his sentence under § 3582(c). Once jurisdiction is authorized, Booker and its progeny permit this Court to go below the advisory guidelines. See e.g., Kimbrough v. United States, 128 S.Ct. 558 (2007), and Gall v. United States, 128 S.Ct. 586 (2007). In fact, Kimbrough expressly recognizes that a sentencing court may go below the applicable guidelines based upon a policy disagreement with the Sentencing Commission. Gall reinforces the "parsimony" provision of 18 U.S.C. § 3553(a), which requires the sentencing court to impose a sentence that is "sufficient but not greater than necessary to satisfy the purposes of sentencing."

Hence, if the Court, in entertaining Mr. Fonseca's § 3582 motion and considering the factors under 18 U.S.C. § 3553(a) - as section 3582(c) requires - were to consider the wide disparity between the non-career offender range under the November 1, 2007 amendments to § 2D1.1 (120-150 - total offense level 26; category VI) and the career offender range (188-235 months - total offense level 31; category VI), the court could very well decide to rely upon that disparity in granting Mr. Fonseca a proportional reduction in sentence from his current 188-month term of imprisonment. Although the Court already downward departed from Mr. Fonseca's career offender guideline for substantial assistance in imposing his original sentence, the greater disparity that exists now between the non-career offender guideline and the career offender guideline merits a greater reduction.

The attached memorandum of law explains in greater detail why the Court has the authority to reduce Mr. Fonseca's sentence.

Thank you for your consideration of this matter. If I can be of additional assistance, please let me know.

Sincerely yours,

Paresh S. Patel
Staff Attorney

cc:   Estelle Santana, USPO
      Barbara Sale, AUSA
      Angel Fonseca