FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

2008 JUL -1 P 12: 48

CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Crim. No. WMN-00-596** |
| **ANGEL FONSECA** | * | |

DEPUTY

\* \* \*

## MOTION TO REDUCE SENTENCE
## PURSUANT TO 18 U.S.C. § 3582(C)

Angel Fonseca, through undersigned counsel, James Wyda, and Paresh S. Patel, Staff

Attorney, hereby moves this Court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence

from 140 months to 120 months. This motion is based on the recently enacted and retroactive

amendments to the crack cocaine guidelines. In support of this motion, Mr. Fonseca states the

following:

1. On February 15, 2002, this Court sentenced the defendant to a 140 month term of

imprisonment for conspiracy to distribute cocaine base.

2. The Court imposed this sentence after following the guideline application instructions

in U.S.S.G. § 1B1.1. Those instructions first required the Court to determine the offense

guideline from Chapter Two. Here, that guideline was U.S.S.G. § 2D1.1 - the drug guideline.

The Court then looked to the Chapter 3 adjustments and decided whether an adjustment for

acceptance of responsibility was warranted. Only after calculating those guidelines did the

Court consider the defendant's criminal history, including his status as a career offender under

U.S.S.G. § 4B1.1. In applying the career offender guideline, the Court had to compare the

offense level derived from U.S.S.G. § 2D1.1 to the offense level set forth in the career offender

table. U.S.S.G. § 4B1.1(b). Because the offense level in the career offender table was greater,



the Court used the career offender guideline as its point of departure for other downward adjustments.

3.    Under the original guideline calculations, the base offense level derived from U.S.S.G. § 2D1.1 was <u>30</u>.  Mr. Fonseca's criminal history category was VI.    The guideline range without any additional adjustments would have been 168 to 210 months. The base offense level under the career offender guideline was <u>34</u>.   Because the base offense level under the career offender guideline was higher, the Court used that guideline as its starting point before making downward adjustments.

4. The Court made a three level departure for acceptance of responsibility.  Additionally, Mr. Fonseca was afforded a further three level reduction based on the substantial assistance he provided to the government for a final offense level of 28, with a corresponding sentencing range of 140-175 months.  Mr. Fonseca was then sentenced at the bottom of that range to 140 months.

4.  Under the amended crack guidelines, the offense level derived from U.S.S.G. § 2D1.1 has lowered to <u>26</u>.  The lowering of the offense level under 2D1.1 makes Mr. Fonseca eligible to seek a reduction in his sentence under 18 U.S.C. § 3582.

5.  The defendant requests that the Court reduce his sentence from 140 months to 120 months imprisonment.  A 120 month sentence represents the low end of a two level reduction from the final guideline range used at the original sentencing.

6.  Although U.S. Probation has submitted a report that Mr. Fonseca is not eligible to seek a reduction in his sentence because his final offense level was derived from the career offender guideline, that conclusion is contrary to the plain language of 18 U.S.C. § 3582 and ignores how the Court's final sentence was very much linked to the original offense level under section 2D1.1,

which has been lowered.  The attached memorandum of law explains in greater detail why the

Court has the authority to reduce Mr. Fonseca's sentence.

Respectfully submitted,

_____

Paresh S. Patel
Staff Attorney
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland 20770
(301) 344-0600

## REQUEST FOR HEARING

Unless the Court is willing to grant the requested relief without a hearing, the defendant

requests a hearing pursuant to Rule 105.6 of the Local Rules of the United States District Court

for the District of Maryland.

_____

Paresh S. Patel
Staff Attorney

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of June 2008, a copy of the foregoing

motion was delivered to AUSA Barbara Sale, United States Attorney's Office, 36 South Charles

Street, 4th Floor, Baltimore, Maryland 21201.

Paresh S. Patel
Staff Attorney

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 JUL -1 P 12: 48

CLERK'S OFFICE
AT GREENBELT

_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. WMN-00-596 |
| ANGEL FONSECA | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT
## OF RELIEF UNDER 18 U.S.C § 3582

This Court has authority under 18 U.S.C. § 3582 to reduce the defendant's sentence. While the Sentencing Commission has sought to limit the retroactive application of the crack amendments to career offenders under policy statements in U.S.S.G. § 1B1.10(a)(2)(B)[1], that guideline is contrary to the language of section 3582 and is only advisory under United States v. Booker, 543 U.S. 220 (2005).

I.    **Because This Court Imposed A Below-Guideline Sentence At The Initial Sentencing, The Career Offender Guideline Alone Did Not Drive Mr. Fonseca's Original Sentence.**

Dring the initial sentencing, this Court sentenced Mr. Fonseca to a term well below the sentencing range calculated by the career offender guideline. The fact that the Court decided against sentencing Mr. Fonseca to a term within the career offender range sets his case apart. At least two district courts have exercised their discretion under 18 U.S.C. § 3582 to reduce a

---

[1]      Section 1B1.10(a)(2)(B) states that a reduction is not consistent with the policy statement and authorized under section 3582(c), if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

5

defendant's sentence where the person was classified as a career offender, but where the sentencing court did not actually impose a sentence within the career offender range. See United States v. Nigatu, 2008 WL 926561 (D. Minn. 2008); United States v. Poindexter, __ F. Supp.2d __, 2008 WL 1946821 (E.D. Pa. 2008). In Nigatu, the Court rejected the government's argument that the defendant was not entitled to a sentence reduction under § 3582 because he had been classified as a career offender. At sentencing, the court determined that the career offender guideline was "inappropriate" and imposed a below-guideline sentence. Similarly, in Poindexter, the court held that it could reduce the defendant's sentence under § 3582 – despite the fact that he had been classified as a career offender – where the sentencing judge had departed downward from the career offender range to the guideline range otherwise applicable under § 2D1.1.

In both cases, the courts granted the "career offender" defendant's motion for a sentence reduction under § 3582 because the original sentence was not within the career-offender guideline range. The same situation exists here. This Court originally sentenced Mr. Fonseca well *below* the career offender guideline range, finding that he had provided substantial assistance to the government in the prosecution of other cases. Because Mr. Fonseca's sentence was not within the properly calculated career offender guideline range (188-235 months), and because § 2D1.1 formed a building block (or "base") for his sentence, this Court has the authority under § 3582 and U.S.S.G. § 1B1.10 to reduce his sentence.

6

II.     **This Court has Authority to Reduce a Sentence under 18 U.S.C.
        § 3582 When the Sentencing Commission Lowers a Guideline
        and Then Makes the Amendment Retroactive.**

Section 3582(c)(2) of Title 18 defines the scope of this Court's authority to reduce a
sentence. That section provides:

> In the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission pursuant to 28 U.S.C.
> § 994(o), upon motion of the defendant, the director of the Bureau
> of Prisons, or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in section
> 3553(a) to the extent they are applicable, if such a reduction is
> consistent with applicable policy statements issued by the
> Sentencing Commission.

Here, the requirements of section 3582 are met because the defendant was sentenced to a

term of imprisonment based on a sentencing range for crack cocaine set forth in U.S.S.G § 2D2.1,

which was lowered by the Commission; and a reduction is consistent with the Commission's

policy statement that the amendment is retroactive.

The Commission's position that a career offender's sentence was not based on the

sentencing range derived from the offense levels in the drug quantity table, and thus that the crack

amendments may not apply retroactively to reduce the sentence of a career offender, ignores the

application instructions set forth in U.S.S.G. § 1B1.1 and rests on a narrow reading of section

3582(c)(2).

Section 3582(c)(2) merely requires that a defendant's guideline range have been "based

on" a subsequently amended, retroactively applicable guideline provision. The defendant's term

of imprisonment was "based on" the sentencing range established under the old drug quantity

table, even though the Court ultimately increased that guideline range under the career offender

7

provisions of Chapter 4.

The defendant's sentence was "based" on the sentencing range established under the old drug quantity table because the Court had to consider the offense level derived from that table before deciding to apply the range under the career offender guideline. U.S.S.G. § 4B1.1(b). Section 1B1.1 of the guidelines directs the Court to apply the guidelines in a specific order. Those instructions first require that the Court determine the offense guideline from Chapter Two. Here, that guideline was U.S.S.G. § 2D1.1 - the drug guideline. The Court then examined the Chapter 3 adjustments, the multiple count rules, and decided whether an adjustment for acceptance of responsibility was warranted. Only after calculating those guidelines did the Court consider the defendant's criminal history, including his status as a career offender under section 4B1.1. In applying the career offender guideline, the Court had to compare the offense level derived from U.S.S.G. § 2D1.1 to the offense level set forth in the career offender table. U.S.S.G. § 4B1.1(b). Only because the offense level in the career offender table was greater than that derived from U.S.S.G. § 2D1.1 did the Court sentence the defendant under the career offender guideline. Simply put, in no case may a court simply jump to Chapter 4 and apply the career offender guideline.

The Sentencing Commission's view that application of a Chapter 4 enhancement means that a defendant's guideline range was not "based on" Chapter 2's drug quantity table essentially amends the "based on" clause of section 3582(c)(2) to mean something it plainly does not. Rather than mean that a subsequently lowered guideline was part of the calculation of the defendant's guideline range, the Commission would have the phrase "based on" mean that the amended guideline itself *set* the guideline range. Such a direct cause and effect link is not what

8

the phrase "based on" as used in section 3582(c)(2) requires.

The Commission's attempt to narrow the meaning of "based on" to "because of" is not binding on this Court.    Stinson v. United States, 508 U.S. 36, 38 (1993) (Sentencing Commission's commentary explaining or interpreting a guideline is not authoritative if "it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline"); see also United States v. Hicks, 472 F.3d 1167, 1170-73 (9th Cir. 2007) (construing section 3582(c)(2) as *not* making the Commission's policy statements mandatory).

The Sentencing Commission's view also is not persuasive because the Court may consider the disparity between a defendant's guideline range *before* it is enhanced under the career offender guideline and the range that results from applying U.S.S.G. § 4B1.1.  If this Court determines that it would have imposed a lower sentence had the base offense level of the unenhanced range been two (or more) levels lower (which would have made the differential between the unenhanced and enhanced ranges significantly greater), then, in accord with section 3582(c)(2), the defendant's sentence was based on a guideline range that has been subsequently lowered by virtue of the retroactive amendment of the drug quantity table.[2]

In short, because section 2D1.1 formed a building block, *i.e.*, a base, for his sentence, this Court has the authority under section 3582 and U.S.S.G. § 1B1.10 to reduce his sentence.

---

[2]

The Fourth Circuit in two unreported decisions has suggested in dicta that career offenders may not seek relief under 18 U.S.C. § 3582. See United States v. Gray, 2008 WL 895012 (4th Cir. April 2, 2008); United States v. Bronson, 2008 WL 539796 (4th Cir. February 27, 2008).  Both of those cases, however, where decided under the procedures of Anders v. California, 386 U.S. 738 (1967), for no-merit appeals.  The issue, thus, was not squarely presented to the Court in those cases and the Court did not have the benefit of full briefing on the issue.  Hence, neither case is binding nor persuasive authority for the question presented here.

**III.    This Court has Authority under 18 U.S.C. § 3582 to Reduce the Defendant's Sentence Below that Recommended in U.S.S.G. § 1B1.10.**

While the Sentencing Commission has sought to limit the extent of reductions under § 1B1.10, that guideline is only advisory under United States v. Booker, 543 U.S. 220 (2005). Once the Sentencing Commission makes a guideline retroactively applicable, a court may reduce the term of imprisonment. The amount of reduction is governed by 18 U.S.C. § 3553(a), not the guidelines. United States v. Booker, 543 U.S. 220 (2005); United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007).

An analysis of how Booker's tinkering with 18 U.S.C. § 3553(b) affected the weight a court must give the guidelines under 18 U.S.C. § 3553(a)(4) shows how Booker altered the application of 18 U.S.C. § 3582(c) - the sentence reduction statute. A similar analysis of the Commission's enabling legislation shows why the Commission's attempt to limit the extent of a reduction is contrary to the purposes of sentencing. In addition, post-Booker developments in the construction of other sentence reduction provisions, including 18 U.S.C § 3553(e), § 3553(f), and Rule 35(b), show that Booker extends to motions to reduce sentence under 18 U.S.C. § 3582(c).

**A.    18 U.S.C. § 3582 Must Be Read in Light of Booker and *In Pari Materia* With Related Sentencing Provisions. When So Read, § 3582 Gives this Court Authority to Determine the Extent of a Sentence Reduction.**

Section 3582(c)(2) of Title 18 defines the scope of this Court's authority to reduce a sentence. That section provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, the director of the Bureau

10

of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582 must be construed in light of existing case law and *in pari materia* with other sentencing provisions that <u>Booker</u> fundamentally altered, particularly 18 U.S.C. § 3553(a). Section 3582 requires that a court consider the § 3553(a) factors in reducing a term of imprisonment. The Commission, through U.S.S.G. § 1B1.10, has sought to severely constrain a court's authority to consider the 3553(a) factors by placing limits on the extent of a reduction. <u>See</u> U.S.S.G. § 1B1.10 (limiting reduction to "the minimum of the amended guideline range," or a comparably lesser reduction from the amended guideline range in cases where the original sentence was lower than the original guideline range). In adopting § 1B1.10, the Commission ignored the Supreme Court's decision in <u>Booker</u>. <u>Booker</u> marked a sea change in federal sentencing, transforming it into a discretionary system with advisory guidelines. Yet, the Commission chose to treat § 1B1.10 as an unchanged island - the sole survivor of the pre-<u>Booker</u> mandatory regime.

The Commission failed to consider how <u>Booker</u> fundamentally altered § 3553(a), by excising from the statute § 3553(b), and how that alteration affects the reading of § 3582. A closer look at the language of §§ 3582, 3553 and <u>Booker</u> shows why the defendant's reading of § 3582 gives meaning to every word in the statute and preserves Congressional intent while also giving effect to <u>Booker</u>.

Section 3582 contains a multi-step analysis. First, the Court must ask if the defendant was "sentenced based on a sentencing range that has subsequently been lowered by the Sentencing

11

Commission, pursuant to 28 U.S.C. § 994(o)" (giving the Commission authority to revisit guidelines).    Second, the Court must ask if a reduction is consistent with applicable policy statements issued by the Sentencing Commission.    This question traditionally asked whether the Commission made the amendment retroactive.    See United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004 ).    If the answer to the first two questions is yes, the door to a sentence reduction is opened.    The Court may then reduce the sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable."    18 U.S.C. § 3582(c).

It is this last provision that Booker fundamentally altered.    Before Booker, many of the § 3553(a) factors were "not applicable" because § 3553(b) made the guidelines - factor 3553(a)(4) - the controlling factor.[3]    Booker, however, excised 3553(b) from the statute.    543 U.S. at 223-24.    Hence, post-Booker, with § 3553(b) excised, all of the 3553(a) factors are applicable and the Court is not bound to apply only factor 3553(a)(4) and follow the guidelines.    Kimbrough v. United States, 128 S.Ct. 558, 570 (2007) ("[t]he statute, as modified by Booker, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing").    Hence, when § 3582 is read in pari materia with the post-Booker reconstruction of §§ 3553(b) and 3553(a), the Court must consider the guidelines as a § 3553(a)(4) factor, but must also consider all of the other 3553(a) factors in deciding the extent of a sentence reduction.    Virginia Inter. Inc. v. Edwards, 398 F.3d 313, 317

---

[3]

      Booker explains the interplay of the two provisions as follows: "While subsection a) of § 3553 of the sentencing statute lists the Sentencing Guidelines as one factor to be considered in imposing a sentence, subsection b) directs that the court "shall impose a sentence of the kind, and within the range" established by the Guidelines, subject to departures in specific, limited cases." Booker, 543 U.S. at 234.

(4th Cir. 2005) (neighboring statutory subsections that refer to the same subject matter "must be read ... as if they were a single statute").

The Court's holding in <u>Booker</u> does not preserve § 3582 as the "sole survivor" of the mandatory guideline regime. When the Court excised § 3553(b)(1) from the statute, along with 18 U.S.C. § 3742(e), it did not carve out exceptions for any provision of the Sentencing Reform Act. The Court unequivocally stated: "So modified, the federal sentencing statute, <u>see</u> Sentencing Reform Act of 1984 (Sentencing Act), as amended, **18 U.S.C. § 3551 *et seq.*, 28 U.S.C. § 991 *et seq.***, makes the Guidelines effectively advisory." 543 U.S. at 245. (emphasis added). 18 U.S.C. § 3582 - part of the "*et seq.*" to § 3551 - and 28 U.S.C. § 994(u) - part of the "*et seq.*" to § 991 - plainly fall within the reach of <u>Booker</u>'s holding. Hence, in considering the § 3553(a) factors when deciding the extent of a sentence reduction under 18 U.S.C. § 3582, the Court must consider the guidelines, but is not bound by them.

**B.     28 U.S.C. § 994(u), Which Originally Gave the Commission the Authority to Specify the Amount of a Sentence Reduction, Must be Read in Light of <u>Booker</u> and *In Pari Materia* with Other Provisions in the Enabling Legislation.**

The Commission's enabling legislation, which granted it the authority to "specify in what circumstances and by what amount" sentences should be reduced, 28 U.S.C. § 994(u), does not limit this Court's discretion to determine the extent of a sentence reduction.[4] As more fully discussed above, § 994(u) was not exempted from *Booker's* sweeping holding. In addition, the Commission's enabling legislation contains directives that the Commission failed to follow in

---

[4]      The Commission's enabling legislation is directed to the Commission, not the Court. <u>See</u> <u>United States v. Sanchez</u>, 517 F.3d 651 (2d Cir. 2008).

13

adopting U.S.S.G. § 1B1.10 and seeking to set limits on the amount of a reduction under § 3582.

Congress directed that the "Commission . . . consistent with all pertinent provisions of any Federal statute **shall promulgate . . . general policy statements [that] would further the purposes of sentencing set forth in section 3553(a)(2)** . . . including the appropriate use of . . . the sentence modification provisions set forth in section[] 3582(c)." 28 U.S.C. § 994(a)(2)(C) (emphasis added). Section 1B1.10 does not "further the purposes of sentencing set forth in section 3553(a)(2)."

First, § 1B1.10 cannot be said, for all cases, to "further the purposes of sentencing set forth in section 3553(a)(2)" because the Commission itself has acknowledged that the crack amendments, made retroactive through § 1B1.10, are only a "partial remedy" to the crack/cocaine disparity. Kimbrough, 128 S.Ct. at 569 (citing United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy 8 (May 2007)) (available at http://www.ussc.gov/r_congress/ cocaine2007.pdf). Thus, even though the Commission itself has acknowledged that greater reductions in sentence may be in order even to correct the crack/cocaine disparity, it has sought to limit a court's ability to more fully correct that disparity in a § 3582 proceeding.

Second, the Commission arbitrarily placed limits on the extent of the reduction, and the kind of information a court should consider in deciding to grant a reduction. The Commission's limits on a court's ability to further the purposes of sentencing work one way - in favor of the government. For example, application note 1(B) expressly seeks to limit a court's consideration of many of the § 3553(a)(2) factors through limits and prohibitions placed on the extent of the reduction. Application notes 1(B)(ii) and (iii), allow the Court to consider only "the nature and

14

seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." Both of these things, however, can only be considered in determining whether "a reduction is warranted" in the first place and "the extent of such a reduction ... within" the amended guideline range.

The application notes leave no room for a court to give a sentence below the amended guideline range (or less than whatever reduction is comparable to one given at the original sentencing), that "further[s] the [other] purposes of sentencing set forth in section 3553(a)(2)," such as "the need to promote respect for the law," "provide just punishment," or provide the defendant with training, medical care, or treatment "in the most effective manner."

In sum, § 1B1.10 does not accord with the Commission's statutory duties and purpose as set out in 28 U.S.C. § 994(a)(2)(C). Although the Commission has the authority to promulgate policy statements - without consulting experts, without notice and public comment, and without congressional review - that authority must be exercised in accordance with the Commission's statutory duties and the purposes of sentencing. When the Commission fails to properly exercise its authority, as it failed to do in promulgating § 1B1.10, the Court is free to reject it.

Considering the guidelines along with all of the other § 3553(a) factors when entertaining a motion for reduction of sentence, but not treating the guidelines as mandatory, "remains consistent with Congress' initial and basic sentencing intent. . . . [  ] to 'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities ... [and] maintaining sufficient flexibility to permit individualized sentences when warranted.' 28 U.S.C. § 991(b)(1)(B)." Booker, 543 U.S. at 264.

15

**C.    Booker Applies to All the Guidelines, Including U.S.S.G. § 1B1.10, Even Though § 1B1.10 is a Sentence Reduction Provision that May Carry No Sixth Amendment Implications.**

Booker applies to § 1B1.10 even though it is a sentence reduction provision that may carry no Sixth Amendment implications. Booker made clear its applicability to all sentencing decisions, including sentencing reductions. The developing case law and changes in Federal Rule of Criminal Procedure 35(b) demonstrate this common understanding of Booker.

> *(i)    The Guidelines are not One-Way Levers That Remain Mandatory in Some Instances.*

Booker made clear that the guidelines are now advisory even if they do not implicate the Sixth Amendment. In Booker, the government argued that the guidelines could remain mandatory in cases that did not implicate judicial fact-finding to increase a defendant's sentence. The Court expressly rejected that argument.

> [W]e do not see how it is possible to leave the Guidelines as binding in other cases. For one thing, the Government's proposal would impose mandatory Guidelines-type limits upon a judge's ability to reduce sentences, but it would not impose those limits upon a judge's ability to increase sentences. We do not believe that such one-way levers are compatible with Congress' intent. For another, we believe that Congress would not have authorized a mandatory system in some cases and a nonmandatory system in others, given the administrative complexities that such a system would create.[5]

---

[5]    Not applying Booker to § 1B1.10 raises some interesting procedural conundrums for appellate jurisdiction. For example, if Booker does not apply to § 1B1.10, then neither the government nor the defendant may have an appellate remedy in this case because the appellate review provisions of 18 U.S.C. § 3742(e) have been excised, but not replaced by the standard of review delineated in Booker. See United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000) (18 U.S.C. § 3742(a) provides appellate court jurisdiction over appeal of 3582 motion).

543 U.S. at 266 (internal punctuation marks and citation omitted) (emphasis in original). See also id. at 248 ("we cannot assume that Congress, if faced with the statute's invalidity in key applications, would have preferred to apply the statute in as many other instances as possible"). See also Kimbrough, 128 S.Ct. at 564 ("under Booker, the cocaine Guidelines, *like all other Guidelines*, are advisory only, and that the Court of Appeals erred in holding the crack/powder disparity effectively mandatory").

> (ii)    *Developing Case law Applies Booker to Sentence Reduction Statutes.*

A finding that § 1B1.10 is advisory would be consistent with other cases that have used the Booker rationale to render the guidelines advisory in other contexts involving sentence reductions with no Sixth Amendment implications. Chief among these cases is United States v. Hicks, 472 F.3d 1167, 1172-73 (9th Cir. 2007). In Hicks, the court held that district courts may "depart from the Guidelines when issuing new sentences under § 3582(c)(2)," acknowledging that "'a mandatory system is no longer an open choice.'" Id. at 1170 (citing Booker v. United States, 543 U.S. 220, 263 (2005)). Other courts are in accord in direct holdings and dicta. See United States v. Forty Estremera, 498 F.Supp.2d 468, 471-72 (D.P.R. 2007) (proper procedure in a post-Booker § 3582(c)(2) resentencing is to first calculate the amended guideline range and then "evaluate the factors set forth in 18 U.S.C. § 3553(a) to determine whether or not a guideline or non-guideline sentence is warranted"); United States v. King, 2007 WL 2703122 (D. Kan. Sept. 17, 2007) ("section 3582(c) can be invoked to grant the court the authority to resentence using the guidelines as advisory").

Other cases, construing statutes that permit the sentencing court to go below a statutory

17

mandatory minimum, also find that <u>Booker</u> makes the guidelines advisory even if those statutes

originally intended to make the guidelines mandatory.  For example, in <u>United States v. Allen</u>,

450 F.3d 565, 570 n.5 (4th Cir. 2006), the Fourth Circuit construed 18 U.S.C. § 3553(e) - a statute

comparable to § 3582.  Section 3553(e) permits a court to depart below a mandatory minimum

sentence upon a government motion based upon the defendant's substantial assistance.  The

statute provides in relevant part:

> Such sentence shall be imposed in accordance with the guidelines
> and policy statements issued by the Sentencing Commission
> pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e).  Notwithstanding this mandatory language, and <u>Booker</u>' s focus on 18

U.S.C. § 3553(a), not § (e), the Fourth Circuit, post-<u>Booker</u>, has recognized that a court under §

3553(e) may give full consideration to the § 3553(a) factors and is not bound by the guidelines in

imposing a sentence below the mandatory minimum.  <u>See also United States v. Mankins</u>, 2007

WL 2319817 (D. Md. 2007) (J. Bennett) (reference in § 3553(e) to imposition of sentence "in

accordance with the sentencing guidelines necessarily addresses the advisory nature of those

guidelines" after <u>Booker</u>).[6]

---

[6]
    Other cases, construing § 3553(e), or the safety-valve provision at 18 U.S.C. § 3553(f) are in accord.  <u>See e.g.</u>, <u>United States v. Villa-Lopez</u>, 2008 WL 168667 (9th Cir. 2008) (unpub.) ("Following <u>United States v. Booker</u>, 543 U.S. 220 (2005), when a defendant qualifies for the safety valve, the district court is statutorily required to apply the Guidelines in an advisory manner along with the other factors contained in 18 U.S.C. § 3553(a)); <u>United States v. Bolano</u>, 409 F.3d 1045, 1047 (8th Cir. 2005) (same); <u>United States v. Boyd</u>, 496 F. Supp. 2d 977, 980 (D. Ark. 2007) (government agreed with defendant "that the Guidelines are advisory in the safety valve setting, just as they are in all other sentencing settings, and that the safety valve provision does not mandate a sentence within the [guidelines] range;" court held that eligible defendant can be sentenced below the advisory guideline range that is "sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)"); <u>United States v. Cherry</u>, 366 F. Supp.2d 372, 376 (E.D. Va. 2005) (same).

All of these cases show that once the gate to a sentence below the mandatory minimum opens upon government motion, a court is free to exercise its discretion in imposing a sentence. It should look to the guidelines for guidance, but is not bound by them.  A similar result should occur here.  Once the gate to a reduced sentence opens upon the Commission's retroactive application of a lowered guideline, the Court must consult the guidelines in deciding the extent of any reduction, but is not bound by them.  Once the gate to a reduced sentence opens under § 3582, the Court is bound only by the "overarching provision" in 18 U.S.C. § 3553(a), *i.e.*, that the Court "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." Kimbrough, 128 S.Ct. at 568-69.

> (iii)    *The Judicial Conference of the United States has Recognized that Booker Applies to Post-Sentencing Proceedings to Reduce a Sentence.*

A finding that section 1B1.10 is advisory would be consistent with current Rule 35(b) - a post-sentencing reduction provision. The Judicial Conference's Advisory Committee on Criminal Rules acknowledged that Booker made the guidelines advisory in the context of a post-sentencing motion for reduction of sentence under Rule 35(b) of the Federal Rules of Criminal Procedure.

The current version of Rule 35 (b), effective December 1, 2007, provides:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

Fed. R. Crim. P. 35(b)(1).  Before the December 1st amendment, Rule 35(b) provided that the Court could reduce a sentence after the defendant provided substantial assistance if "reducing the sentence accord[ed] with the Sentencing Commission's guidelines and policy statements."  The

19

2007 amendment eliminated this language.

The Advisory Committee Notes to the 2007 revision explain the purpose of the amendment:

> The amendment conforms Rule 35(b)(1) to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In Booker, the Court held that the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), violates the Sixth Amendment right to jury trial. With this provision severed and excised, the Court held, the Sentencing Reform Act "makes the Guidelines effectively advisory," and requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a) (Supp.2004). Id. at 245-46, 125 S.Ct. 738. Subdivision (b)(1)(B) has been deleted because it treats the guidelines as mandatory.

Fed. R. Crim. P. 35 advisory committee's notes (2007 amendments).

The Committee decided to conform Rule 35 to Booker after a subcommittee of the Advisory Committee on Criminal Rules reviewed whether the Court's decision in Booker required any amendments to the rules. Minutes of the Advisory Committee on Federal Rules of Criminal Procedure, April 4 & 5, 2008. The subcommittee believed that "strong arguments existed for amending," Rule 35, because the requirement that any reduction in sentence be in accordance with the guidelines "assume[s] that the sentencing guidelines are mandatory - a principle rejected the Supreme Court in Booker." Id.

The Advisory Committee approved, without objection, the Booker conforming amendments to Rule 35 notwithstanding the Sentencing Commission's request that the Committee "preserve[] the existing rule's explicit reference to the Sentencing Guidelines and questioned whether the Booker remedial opinion applied to post-sentencing proceedings."

20

Minutes of the Advisory Committee on Criminal Rules, April 3 & 4, 2006.[7]

The history of the amendment to Rule 35 is instructive here for a number of reasons. Even though the Judicial Conference of the United States, through its advisory committee, carefully reviewed Booker's affects on the sentence reduction provisions of Rule 35(b), and even though the Judicial Conference rejected the Commission's view that Booker did not apply to post-sentencing proceedings, the Commission nonetheless promulgated U.S.S.G. § 1B1.10 - claiming that Booker does not alter the mandatory nature of the guidelines under 18 U.S.C. § 3582(c).

The Commission's efforts to make the guidelines mandatory in the context of a § 3582 sentencing reduction should be rejected. Rule 35(b) and 18 U.S.C. § 3582(c) both represent limited circumstances under which a court may reduce a final sentence. Because the Judicial Conference read Booker as making the guidelines advisory in the context of a motion for reduction of sentence under Rule 35(b), it would promote uniformity in Booker's application for this Court to conform § 3582 to Booker and read the language "consistent with applicable policy statements" as referring to advisory, not mandatory guidelines.

Just as the Supreme Court in Booker sought to preserve the Congressional intent behind the Sentencing Reform Act, this Court should preserve that intent, while recognizing the very real changes brought by Booker. The best way to do that is preserve Congress's intent to vest the

---

[7]    Also noteworthy is the absence of any objection by the Department of Justice to the Committee's view that the sentence reduction provision of Rule 35 should be amended to conform with Booker. Indeed, after extensive notice and comment procedures, the Sentencing Commission apparently voiced the sole dissent to the Committee's proposal to conform Rule 35 to *Booker*.

Commission with the authority to determine when a guideline should be made retroactive, and thus trigger the Court's authority to reduce a sentence under 18 U.S.C.§ 3582, but permit the Court to determine the extent of any reduction through application of <u>Booker</u>.[8]

### IV.    A 120 Month Sentence is "Sufficient, But not Greater than Necessary."

Mr. Fonseca has been incarcerated for almost eight years now and is now in his late forties.  During that time he has used his time well without any disciplinary incidents, and has sought to improve himself.  He has completed a drug education program In addition, he has completed numerous other programs included Spanish, health and wellness, and life skills programs that will help re-integrate into society.

In short, Mr. Fonseca's lengthy imprisonment warrants the modest reduction in sentence that he seeks here. His current estimated release date is March 2011.  A reduction would move his release date up to 2009.

### Conclusion

In summary, for the reasons stated here, and that may be presented in subsequent pleadings or at a hearing on this motion, Mr. Fonseca respectfully requests that this Honorable Court reduce his sentence to 120 months.  Such a reduction is consistent with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

---

[8]    That Congress has not amended 18 U.S.C. § 3582 to conform to <u>Booker</u>, but remained silent on the 2007 Rule 35(b) amendment, does not reflect a Congressional intent to leave the guidelines mandatory in the context of section 3582 motions. After <u>Booker</u>, Congress heeded the advice of many lawyers, academics, and organizations, and made no legislative response to *Booker*, choosing instead to "wait and see" how <u>Booker</u> played out in the Courts.  Hence, Congress has left intact all of the Sentencing Reform Act, even those provisions <u>Booker</u> expressly excised.

Respectfully submitted,

Paresh S. Patel
Staff Attorney,
Federal Public Defender
 District of Maryland
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600

23

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th  day of June 2008, a copy of the foregoing

Memorandum of Law in Support of Relief Under 18 U.S.C. § 3582 was delivered to Barbara

Sale, Chief, Criminal Division, Office of the United States Attorney, 36 South Charles Street, 4th

Floor, Baltimore, Maryland 21201.

Paresh S. Patel
Staff Attorney

24